Irick v. Clement.

HARRIET R. IRICK and KEZIAH COLES, appellants,

v.

HANNAH C. CLEMENT et al., respondents.

A husband purchased lands and took title thereto in his own name, but used his wife's money to pay the purchase price. He afterwards, during her lifetime and also after her decease, admitted that he had only a life estate therein, and that at his decease it would go to his children by that wife.—*Held*, (1) that a trust resulted in favor of the wife, which descended to her children, and (2) that inasmuch as the husband was entitled as tenant by the curtesy to the use of the lands for his life, and had never asserted any greater right in them, the heirs of the wife were not chargeable with laches in acquiescing in his occupation during his lifetime, and (3) were entitled to a conveyance of the lands from his devisees.

On appeal from a decree advised by Vice-Chancellor Pitney, in *Irick et al.* v. *Clement et al.*, wherein it was decreed that the said Samuel Ellis Clement died seized of the lands and premises known as the Eliza Kay farm, situate in the township of Delaware, county of Camden and State of New Jersey, bounded and described as follows (describing lands), and that he held said two tracts of land in trust for the complainants; and that they are now the owners thereof in equity; and that the said defendants, Redman Cooper and William B. Clement, surviving executors under the last will and testament of Samuel Ellis Clement and Samuel Walter Clement, do, within thirty days from and after the date of this decree, convey the above described lands and premises to the complainants, their heirs and assigns, in the presence and under the direction of Martin P. Grey, one of the masters of this court, and if the said persons shall not comply herewith and make such conveyance within the time appointed, then this decree shall be considered and taken in all courts of law and equity to have the same operation and effect and be as available as if such conveyance had been executed in conformity to this decree; and it is further ordered the defendants pay the complainants their costs of this suit, to be taxed.

An opinion was delivered in the case, of which the following is an extract:

" *   *   * The result of taking title to this farm in his own name, while his wife's money paid for it, was to create a resulting trust in her favor. This trust, according to the evidence, he acknowledged and promised to perform, strictly according to the rights of the parties, by giving it to the complainants (his wife's children) at his death. For if, as a result of the circumstances, the equitable title was vested in his wife, then, at his death, he became entitled as tenant by the curtesy to the use of the land during his life, and it was not in the power of his daughters to deprive him of it. All (with a trifling exception) that they could have accomplished by any proceedings, legal or equitable, which they might have taken, would have been a judgment or decree that he held the property in trust for them, subject to his own life estate in it. That exception was the small sum of $692.87, which belonged to them and formed a part of the purchase-money. As to that, it seems to me, they held a vendor's lien upon the farm. But here, again, it may be asked, why should they foreclose that lien against their own property, when all that they would gain would be to make their father pay interest on that sum during his lifetime? It seems to me that their forbearance of this small sum to their father ought not to weigh against them. In fact, the course actually taken by the father, and acquiesced in by the daughters, seems to accord with wonderful precision with the actual legal and equitable rights of the parties. The father says: " I admit I bought this property with your mother's money; all I ask is to have the use of it for my lifetime, and at my death you shall have it." Now, what could the daughters have gained by any suit? Nothing but the perpetuation of the evidence of the facts upon which their rights rested. And if they chose to rely upon their father's admissions and promises, and forgave him the interest on their contribution to the purchase price, it seems to me they have not lost their rights thereby.

Slockbower v. Kanouse.

"That under the facts of the case, as I have found them, a. trust resulted in favor of complainants' mother in the farm in question, is a proposition too clear for argument.

"The proof of the fact that the purchase was made with the money of the *cestui que trust*, may be made by any sort of evidence and need not be in writing. It is upon this fact, when once established, that equity declares that the trust arises, and not upon any mere verbal declaration of trust which is forbidden by the statute of frauds."

*Mr. David J. Pancoast*, for the appellants.

*Mr. Peter V. Voorhees*, for the respondents.

Decree affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, GARRISON,. MAGIE, REED, SCUDDER, VAN SYCKEL, BOGERT, BROWN,. CLEMENT, SMITH, WHITAKER—12.

*For reversal*—None.